E. D. MINEAH v. MARY J. STOTTS, Appellant, and R. H. DUNCAN, Appellee.

E. P. CROSS v. MARY J. STOTTS, Appellant, JOHN PETERSON, E. D. MINEAH, and R. H. DUNCAN, Appellees.

JOHN PETERSON v. MARY J. STOTTS, Appellant; E. D. MINEAH, and R. H. DUNCAN, Appellees.

Mechanics' liens: AGENCY. A property owner who contracts with a builder to furnish labor and material at reasonable prices for making certain improvements constitutes the builder his agent whose contracts for labor and material are binding upon the owner.

*Appeal from Marshall District Court.*— HON. G. W. BURNHAM, Judge.

FRIDAY, MAY 11, 1906.

IN these three cases the appellees are labor and materialmen seeking to enforce mechanics' liens against the prop-

erty of the appellant, Mary J. Stotts. They recovered judgments, from which appeals are taken.— *Affirmed.*

*Volney Kent* and *C. H. Van Law,* for appellant.

*T. F. Bradford, J. M. Parker,* and *J. L. Carney,* for appellees.

SHERWIN, J.— Mary J. Stotts, the appellant, is the owner of certain premises on which is situated her dwelling house. The appellees furnished labor and material for the improvement of such house, and ask the establishment of liens for the labor so performed and the material so furnished. They all claim as principal contractors, while Mrs. Stotts claims that she contracted with Cross for the entire job at a certain price, and is not therefore liable for any sum in excess thereof.

The case presents a fact question only, viz.: Did Cross contract to do the job for a sum certain, or did he undertake only to furnish certain labor and material for the reasonable value thereof and to superintend the improvement? We have given the evidence careful consideration, and are fully satisfied therefrom that Cross did not agree to do the work and furnish the material for a specific sum. It may be true that Mrs. Stotts intended to limit the cost of the improvements to the sum of two hundred and fifty dollars or three hundred dollars, and it may also be true that Cross expressed an opinion that they could be made for such sum; but the evidence wholly fails to show that he undertook to make them for that or any other specified amount. They, in fact, cost nearly seven hundred dollars, and that such an amount was the reasonable cost thereof is undisputed.

By employing him as she did, Mrs. Stotts made Cross her agent for the purchase of the necessary material and the employment of the necessary labor, aside from the carpenter work which he undertook himself, to carry out her

plan for the improvements. And his contract with the materialmen and laborers was her contract in law. Mechem on Agency, sections 280–311. The material and labor were furnished for the improvement of the appellant's house, the charges therefor are just and reasonable, and the judgment should be, and it is, affirmed.

There is no merit in the appellees' claim that the record does not show jurisdiction in this court.— *Affirmed.*